## CITY OF MIAMI v. WILKINSON.

### No. 8994.

Municipal Court of Miami.

January 15, 1959.

Clyde A. Willard, Assistant City Attorney, for the city.

Ellis S. Rubin, Miami, for defendant.

MITCHELL M. GOLDMAN, Judge.

Defendant was charged with operating a motor vehicle while under the influence of an alcoholic or intoxicating beverage by reason of being stopped at a traffic safety spot check, commonly known as a road block. Defendant moved to dismiss the charges, arguing that the arrest was illegal and unlawful because the city did not have the right to stop him for the spot check.

Section 322.15, Florida Statutes, provides—

*License to be carried and exhibited on demand.*—"Every licensee shall have his operator's or chauffeur's license in his immediate possession at all times when operating a motor vehicle and shall display the same upon demand of a patrol officer, justice of the peace, a peace officer, or a field deputy or inspector of the department."

There is a Florida case, Byrd v. State of Florida, 80 So. 2d 694, wherein a sheriff stopped a motor vehicle under the pretext of examining the driver's license when in truth and in fact he suspected the defendant of carrying moonshine whiskey. The Supreme Court held that the sheriff had a right to stop the vehicle for the purpose of ascertaining whether or not the driver was duly licensed. This case was decided in 1955 and has never been reversed.

One of the first points to be decided is whether it is a "privilege" or a "right" to drive a motor vehicle. It has been adjudicated many times that the right to operate a motor vehicle in a public place is not a natural and unrestrained right, but a privilege subject to reasonable regulations in the interest of the public under the police power of the state. This not only holds true in the operation of a motor vehicle but also in the licensing of various professions and trades. In order to be a physician or an attorney, or even a contractor, it is necessary to pass certain requirements set up by a state or a municipality. The power to regulate includes the power to license and to protect the health and welfare of the public.

It is in the interest of the safety and welfare of the community that spot checks be made of motorists to determine whether or not they are driving while their licenses are under revocation—or whether or not they are licensed at all. It is the opinion of this court that this does not violate any of the constitutional rights of the citizens of the state of Florida.

It is the judgment of the court that the defendant be and he is hereby convicted of operating a motor vehicle under the influence of an alcoholic or intoxicating beverage, narcotic drug or other drug, and is fined $150 or 60 days in the city of Miami jail, and his driver's license shall be revoked for a period of one year.